Ruffin, Chief Justice,
after stating the facts as above, proceeded: — The two exceptions may be considered together, so far as they involve the effect of payments actually made by the executors. The Court believes from a cursory examination that the last is not founded in fact, where it treats the debts as being due on simple contracts. But the case is not decided on that question of fact, because deeming it immaterial, the inquiry has not been thoroughly pursued. > Assuming them to be on simple contracts, their grade is the same with the demand of the plaintiff, which is but a simple contract, being the claim of a partner without articles. The argument of the plaintiff is, that filing the bill, or serving process upon the executors, is a restraint upon their power to give preference to other creditors in like degree. We do not think that is the rule in a Court of Equity. It is so at law after a plea, and in some instances after a process served. In equity, also, when a creditor sues on behalf of himself and the other creditors, a decree to account ties up the hands of the executors from giving or allowing preferences. The creditors must come in under the decree, which all can do according to their legal priorities, but if the executor voluntarily pays a creditor, he will not be allowed it in his account. Perry v. Philips, 1 Ves. Jun. 251. 10 Ib. 34. *46 Paxton v. Douglas, 8 Ib. 521. But a mere decree, much less the filing of a bill for an account of the plaintiff’s own demand, or for an account of the assets to satisfy the single debt of the plaintiff, is not an obstacle to the payment of judgments by the executor, nor, it seems, other demands of equal dignity with the plaintiff’s; but the plaintiff’s decree must, to that purpose, be final. Thus Sir John Leacix lays it down in Maltby v. Russell, 2 Sim. & Stu. 227, upon the authority of the House of Lords, reversing the decree in Davison v. Lord Orford, Pr. Chanc. 188, and the Vice Chancellor allowed the executor in account, the payments made by him to other creditors, after the bill filed, with the view of giving them the preference. This the creditor may prevent, by filing his bill on behalf of all the creditors; which, perhaps, in fairness, he ought; and if he will not do so, equity will not help him to a preference, upon any less ground than his getting a final decree, which is in the nature of a judgment. For this reason, the second, seventh, and eighth exceptions of the plaintiff must be overruled.
In equity, upon a bill against an executor, to enforce the payment of a debt, nothing but a final decree restrains voluntary payments of other debts of like degree by the defendant.
But the seventh exception could not be supported, for another reason. The accounts have not been taken with a view to ascertain the state of assets at the time the •quando judgments were taken, and it does not appear with precision. But an examination of the account satisfies the Court, that the executors were largely in advance for the estate at that time, and that assets to a much larger amount than all those judgments have come to the executors’ hands since the judgments were rendered, which have been applied partly to the previous absolute judgments, partly to the quando judgments, and partly remain to be applied to the same judgments. When applied, more than fifteen thousand dollars will remain unsatisfied of principal and interest. Ajt law, the defendants would be fixed with those assets, when the plaintiffs shall sue out scire facias, and of course they would be made to pay them twice, if decreed against them here. It' is a mistake to suppose, that assets to a much larger amount than all the quando judgments have not been received, since they were entered up. The payments on them were *47 therefore proper, and the balance in the executors’ hands must yet be paid to those now unsatisfied; and so the decree will declare. ...
Where partner are <jants by a" sci: /“• fP a bill against him for an ^partner ship, they charged 6 with pirt-fectíwhich Bince his death>
The decision of these points render it useless to go through the plaintiffs’ other exceptions; since if they were all allowed, the sums excepted against would not form a fund equal to the balance due on the preferable and unsatisfied judgments, and the Court is unwilling unnecessarily to conclude any person in respect to the other matters of the account.
It was formerly ordered in this cause, that the estate of Robert Worke must account with the plaintiff for the sums received as his part of the profits of the partnership from Simonton’s executors. That money was received by the defendants, Worke’s executors, after his death, J . . . and pending this suit. A question presents itself, whether, as the character of the fund was not changed in respect to the plaintiff, those defendants are personally bound to answer to him upon their own receipt of the money. The Court has formed no conclusive opinion on the point, as whatever may be the rights of the parties, the plaintiff, we think, cannot in the present proceedings treat that sum otherwise than as assets of the testator, Worke, and must abide in this suit by their administration as such. The defendants are brought in by scire facias as executors merely, and are not charged by any supplemental bill upon their own acts. Taking it to be assets, it has been duly administered. Whether the defendants can be made personally liable in equity in another proceeding, we give no opinion on, nor have we formed one.
We suppose the points ruled to be decisive against the relief of the plaintiff against either set of executors, and therefore, without passing upon any of the other exceptions of either party, direct the bill to be dismissed as against the executors of Simonton and of Worke, without costs to either side.
PeR. Cuiuam. Decree accordingly.